**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

WILLIAM DEREK SYKES, as
personal Representative of the Estate of
WILLIAM DON SYKES,

      Plaintiff,

        v.

AIR & LIQUID SYSTEMS CORP., et
al.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N14C-03-028 ASB

Decided: February 7, 2018

*Upon Plaintiff's Exceptions to the*
*Special Master's Decision.*
**AFFIRMED**.

Plaintiff filed a Notice of Exceptions to the Special Master's Order of August 5, 2017. In the August 5 Order the Special Master Granted Defendants' Motion to Exclude the decedent, William Don Sykes's, testimony. Plaintiff claims that the Special Master erred in granting Defendants' Motion to Exclude the sworn testimony of William Don Sykes. The facts are as follows. Mr. Sykes was diagnosed with mesothelioma in October 2013. Mr. Sykes's health was deteriorating, and the parties arranged for expedited trial depositions and discovery depositions. Mr. Sykes deposition was taken on April 16, 2014, about six weeks after Plaintiff filed his

Complaint. During a break, Mr. Sykes informed his counsel that he would not be able to proceed with the remaining portion of the deposition that day due to his condition. Subsequently, Mr. Sykes's condition worsened, he was unable to proceed with a deposition the following day, and Mr. Sykes passed away just two weeks later. At this time, the parties are left with the video trial deposition of Mr. Sykes without cross examination by Defendants. On August 5, 2017, the Special Master Ordered that Mr. Sykes's trial deposition was inadmissible at trial under the Delaware Rules of Evidence.

Before the Special Master, Defendants sought to exclude Mr. Sykes's testimony as inadmissible hearsay under the Delaware Rules of Evidence. Additionally, Defendants argued that the D.R.E. 804(b)(1) exception to the hearsay rule did not apply because Plaintiff did not meet his burden demonstrating that any Defendant had an opportunity to develop testimony from Mr. Sykes and Defendants attempted to develop testimony but were denied the opportunity. Plaintiff argued that the testimony was admissible under D.R.E. 804(b)(1) because Defendants, on the record, were given the opportunity to cross examine Mr. Sykes but did not do so. Additionally, Plaintiff argued that Mr. Sykes's testimony fell within D.R.E. 807 "catch all" exception because granting the motion would deprive Mr. Sykes of his day in Court. The Special Master found that Mr. Sykes's deposition testimony fell within the parameters of hearsay under D.R.E. 801 as an out-of-court statement by

2

a declarant, offered into evidence to prove the truth of the matter asserted. The Special Master considered three possible exceptions to the rule against hearsay: Superior Court Civil Rule 32, D.R.E. 804(b)(1) former testimony exception, and D.R.E. 807 residual exception. The Special Master found that there was no meaningful opportunity for cross-examination under D.R.E. 804(b)(1) and the catch all provision of D.R.E. 807 did not apply.

Plaintiff filed a Notice of Exceptions to the August 5 Order by the Special Master. Here, Plaintiff argues that the Special Master erred in granting Defendant's Motion to Exclude the testimony. Plaintiff avers that Mr. Sykes's testimony is admissible under the former testimony exception of D.R.E. 804(b)(1), and his testimony is admissible under Superior Court Civil Rule 32 independent from the Rules of Hearsay. Defendants filed a Response in Opposition. Contrary to Plaintiff's position, Defendants argued that they did not have the opportunity to depose Mr. Sykes, and neither Superior Court Civil Rule 32 nor the former testimony exception under D.R.E. 804(b)(1) applies to this case. The Court reviews the Special Master's legal and factual findings *de novo*.[1] First, it is not clear to the Court what the error was that Plaintiff seeks an exception to. The Special Master's decision was well

---

[1] *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999); *see also In re Asbestos Litig.*, 623 A.2d 546, 548 (Del. Super. 1992)("Masters' decisions on pre-trial, non-dispositive issues should be reviewed under the clearly erroneous standard, while decisions which are case dispositive or which determine substantial issues and establish legal rights should be subject to *de novo* review.").

reasoned and there was no specific error that Plaintiff plead. Rather, Plaintiff rehashed arguments already decided by the Special Master.

Next, as laid out in the Special Master's detailed analysis, D.R.E. 804(b)(1) excludes former testimony from the hearsay rule if the declarant is unavailable as a witness and the "[t]estimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination."[2] The issue between the parties is whether Defendants had the opportunity to develop the testimony by direct examination, cross-examination, or redirect examination. The Court agrees with the Special Master in that Defendants did not have the opportunity to develop Mr. Sykes testimony. Plaintiff believes that Defendants had the opportunity to develop Mr. Sykes's testimony because counsel for Plaintiff notified Defendants that due to Mr. Sykes's deteriorating health the deposition should be taken on April 9, 2014 and Defendants were unable to accommodate that request. Mr. Sykes deposition was taken on April 16, 2014, and Defendant did not proceed with cross-examination after Mr. Sykes videotaped

---

[2] D.R.E. 804(b)(1).

deposition. Subsequently, Mr. Sykes was unable to continue with the deposition after the parties took a break and Defendant was unable to cross-examine Mr. Sykes.

Delaware case law is instructive on determining when a party has had the opportunity to develop testimony. For example, in *Panaro v. J.C. Penny Co., Inc.*, the court stated "D.R.E. 804(b)(1) tracks F.R.E. 804(b)(1). F.R.E. 804(b)(1) allows deposition testimony to be admitted at trial if the opponent had an opportunity and motive to develop the testimony by direct, cross, or redirect examination. The federal rules also allow the testimony if there was an opportunity to develop, not necessarily complete, the testimony."[3] The court in *Panaro* held that although the discovery deposition was not completed, "there [was] no question that [defendant's] counsel had motive and opportunity to cross-examine."[4] In *Panaro* the plaintiff was able to complete direct examination on video, and defense was able to question the plaintiff in a discovery deposition for an hour and a half.[5] Here, Mr. Sykes's videotaped trial deposition began at 9:08 a.m. with his counsel's direct examination, and at 9:57 a.m. Mr. Sykes took a rest. Questioning resumed at 10:33 a.m. through 11:56 a.m. Subsequently, Defense determined that they needed to take their discovery deposition instead of cross examination. The parties who were present took a break

---

[3] 2002 WL 130692, at *2 (Del. Super. Jan. 11, 2002).
[4] *Id.*
[5] *Id.*

for lunch and attempted to resume around 12:36 p.m. Mr. Sykes was unable to proceed, and he subsequently passed away two weeks later.

Based on the facts of this case the Court is not persuaded that Defendants had a meaningful opportunity to develop Mr. Sykes's testimony. Merely because Defendants decided to postpone their cross examination following the videotaped direct examination does not constitute a "waiver" of the opportunity for cross examination as Plaintiff argues. Additionally, Superior Court Civil Rule 32 states that "[a]t a trial or upon hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as through the witness were then present and testifying, *may be used against any party who was present or represented at the taking of the deposition* or who had reasonable notice thereof . . ."[6] The Court is not satisfied that the Defendant was "represented" at the taking of the deposition under Rule 32 because Defendant did not have the opportunity to cross-examine Mr. Sykes. Similarly, the Court is not persuaded by the argument that Rule 32 and the Delaware Rules of Evidence are read independently. Finally, as mentioned earlier in this Order, Plaintiff did not demonstrate that the Special Master misconstrued facts or the law for this Court to review. Rather Plaintiff rehashed arguments already decided before the Special

---

[6] Super. Ct. Civ. R. 32 (emphasis added).

Master. For the aforementioned reasons and the reasons set forth in the Special Master's Order, the Special Master's decision is **AFFIRMED**.

    **IT IS SO ORDERED.**

/s/ Calvin L. Scott

---
The Honorable Calvin L. Scott, Jr.